IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:16-CR-54-FL-2
NO. 4:19-CV-118-FL

| | | |
|---|---|---|
| LARICE SIMMONS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 117), to amend same (DE 148), and respondent's motion to dismiss (DE 127). The issues raised have been briefed fully and in this posture are ripe for ruling.

## BACKGROUND

On March 14, 2017, petitioner pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g). On September 12, 2017, the court sentenced petitioner to 192 months' imprisonment and five years' supervised release. Petitioner noticed direct appeal of the judgment of conviction, and the United States Court of Appeals for the Fourth Circuit affirmed on July 12, 2018.

Petitioner filed the instant motion to vacate on August 22, 2019, alleging that his counsel was ineffective for failing to object to his sentencing enhancement pursuant to the Armed Career Criminal Act ("ACCA") and by providing erroneous advice regarding entrapment defense. On

April 16, 2020, respondent filed the instant motion to dismiss, arguing petitioner's § 2255 claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Petitioner responded in opposition on May 18, 2020.

While the foregoing motions were pending, the court appointed counsel for petitioner to determine whether his § 922(g) conviction should be vacated based on Rehaif v. United States, 139 S. Ct. 2191 (2019). On February 5, 2021, petitioner (through his appointed counsel) filed the instant motion to amend the pending motion to vacate to assert a Rehaif claim. This motion was briefed fully.

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

The court begins with petitioner's Rehaif claim. In Rehaif v. United States, the Supreme Court held that in order to obtain a conviction for unlawful possession of a firearm under 18 U.S.C.

§ 922(g), the government must prove that the defendant knowingly possessed the firearm, and "knew he belonged to the relevant category of persons barred from possessing a firearm [here, those with a prior felony conviction]." 139 S. Ct. at 2200. Rehaif abrogated longstanding precedent holding that the defendant's knowledge of his prohibited status was not a required element of a § 922(g) conviction. See, e.g., United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc), abrogated by Rehaif, 139 S. Ct. at 2191. Petitioner argues that Rehaif renders his guilty plea constitutionally infirm and requires vacatur of his conviction.

Respondent raises the defense of procedural default. Generally, "claims not raised on direct appeal may not be raised on collateral review" and are thus procedurally defaulted. Massarro v. United States, 538 U.S. 500, 504 (2003). A procedural default, however, may be excused where the petitioner demonstrates "cause and actual prejudice" or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations omitted); United States v. Mikalajunas, 186 F.3d 490, 492–93 (1999). The court may proceed directly to the prejudice inquiry without first considering whether petitioner has shown cause for the default. United States v. Frady, 456 U.S. 152, 167 (1982). To establish prejudice sufficient to excuse procedural default in this context, the petitioner must "demonstrate that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In the context of a guilty plea, the petitioner bears the burden of showing "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004); Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner did not raise his Rehaif claim during the underlying criminal proceedings or on direct appeal, and he cannot establish prejudice to excuse his procedural default. He does not

3

allege, for example, that he did not know of his felon status when he possessed the firearm at issue. Moreover, petitioner's presentence investigation report establishes petitioner was sentenced to more than one year imprisonment for three felony convictions. (DE 64 ¶¶ 24–26). And petitioner admitted that he previously was convicted of a felony offense at his arraignment. (DE 90 at 19). As the Supreme Court recently explained in an analogous context:

> In a felon-in-possession case where the defendant was in fact a felon when he possessed firearms, the defendant faces an uphill climb in trying to satisfy the substantial-rights prong of the plain-error test based on an argument that he did not know he was a felon. The reason is simple: If a person is a felon, he ordinarily knows he is a felon. "Felony status is simply not the kind of thing that one forgets." [United States v. Gary,] 963 F.3d 420, 423 (CA4 2020) (Wilkinson, J., concurring in denial of reh'g en banc). That simple truth is not lost upon juries. Thus, absent a reason to conclude otherwise, a jury will usually find that a defendant knew he was a felon based on the fact that he was a felon. A defendant considering whether to plead guilty would recognize as much and would likely factor that reality into the decision to plead guilty. In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a "reasonable probability" that, but for the Rehaif error, the outcome of the district court proceedings would have been different.

Greer v. United States, 141 S. Ct. 2090, 2097 (2021). Where petitioner fails to establish a reasonable probability that he would not have pleaded guilty, petitioner cannot demonstrate prejudice sufficient to overcome his procedural default. See Dominguez Benitez, 542 U.S. at 76; Satcher, 126 F.3d at 572. And for the same reasons set forth above, petitioner has not established actual innocence of his convictions. See Richardson v. Kornegay, 3 F.4th 687, 701 n.8 (4th Cir. 2021).

Petitioner attempts to overcome his procedural default by asserting a claim of ineffective assistance of counsel. (See Reply (DE 156) at 2–3). Counsel was not ineffective for failing to raise a claim that was foreclosed (at the time) by circuit precedent. See United States v. Morris, 917 F.3d 818, 823 (4th Cri. 2019). And the fact that petitioner raises additional ineffective

4

assistance of counsel claims, unrelated to Rehaif, in the pro se motion to vacate does not overcome his procedural default as to the Rehaif claim. See Murray v. Carrier, 477 U.S. 478, 492 (1986) (evaluating procedural default on a claim-by-claim basis). Accordingly, petitioner's Rehaif claim is procedurally defaulted and he fails to establish grounds for excusing the default.

The court now turns to petitioner's remaining claims for ineffective assistance of counsel. In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 688, 687 (1984). Under the first prong, a petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong requires a petitioner to prove that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, the prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

As noted above, petitioner alleges that his counsel was ineffective for failing to object to his ACCA enhancement on the basis that his predicate convictions were not committed on separate occasions. The ACCA provides for mandatory minimum sentence of 15 years' imprisonment if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e) (emphasis added). The phrase "occasions different from one another" refers to "those predicate offenses that can be

5

isolated with a beginning and an end – ones that constitute an occurrence unto themselves." United States v. Letterlough, 63 F.3d 332, 335 (4th Cir. 1995). In general, the different occasions element is satisfied if the predicate offenses were committed at different geographical locations and against different victims. Id. at 335–36. The fact that the offenses were committed on the same date does not preclude a finding that they were committed on different occasions. Id.; see also United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005).

Petitioner's ACCA designation was based on the following North Carolina convictions for robbery with a dangerous weapon:

1) January 9, 2001, robbery of a Quick-N-Eze Food Mart;

2) January 9, 2001, robbery of a Stop and Go convenience store;

3) January 10, 2001, robbery of a Circle K;

4) December 31, 2000, robbery of an E-Z serve; and

5) January 6, 2001, robbery of a Quick-N-Eze Food Mart.

(PSR (DE 64) ¶¶ 24–26). Relying on this evidence, which was unrebutted at the time of sentencing, the court found petitioner qualified for the ACCA enhancement. See also United States v. Simmons, 741 F. App'x 903 (4th Cir. 2018) (affirming petitioner's ACCA sentence on direct appeal). In particular, the different locations, victims, and (in some cases) dates for the robberies established petitioner committed each of the five robberies on "occasions different from one another." (PSR (DE 64) ¶¶ 24–26); 18 U.S.C. § 924(e).

In support of the instant motion, petitioner offers state court records that allegedly establish the ACCA predicate convictions were committed on the same occasion. (See DE 117-2). These records, however, provide that petitioner committed the robberies "on or about" January 2001, and therefore do not contradict the more specific dates and locations provided in the presentence

6

investigation report. (Id.). To the extent petitioner is arguing that the shorthand "1-01" refers to January 1, 2001 (and not the more standard reading of January 2001), the state record clarifies that the robberies were committed "on or about" that date, which is consistent with the different dates in the PSR. (See id.; DE 64 ¶¶ 24–26).

But even assuming that each of the robberies was committed on the same date, petitioner still must show that they "were part of a unified whole" to establish they were not committed on different occasions. Thompson, 421 F.3d at 284. Petitioner offers no evidence contradicting the PSR's findings that four of the robberies involved different victims at different geographical locations.[1] See id. at 285 (explaining these factors support finding that predicate convictions were committed on different occasions even if committed on the same day). Moreover, the fact that the predicate convictions were consolidated for sentencing and judgment does not establish the convictions were committed on the same occasion. See United States v. Samuels, 970 F.2d 1312, 1315 (4th Cir. 1992) ("Nothing in [the ACCA] suggest that offenses must be tried or sentenced separately in order to be counted as separate predicate offenses. The only requirement [under the ACCA] is that the predicate offenses be committed on occasions different from one another."); Simmons, 741 F. App'x at 904 (rejecting this same argument in petitioner's direct appeal). Accordingly, petitioner's counsel was not ineffective for failing to object to the ACCA designation on this basis.

Finally, petitioner alleges that counsel was ineffective for failing to pursue an entrapment defense. He alleges that his co-defendant and the confidential informant were both government agents who induced him to possess the firearm. "To establish entrapment, a defendant must first

---

[1] The one exception is that "Quick-N-Eze Food Mart" is the identified victim of two robberies. (DE 64 ¶¶ 24, 26). However, these two robberies were committed on different dates. (See id.).

demonstrate the government induced him to engage in the criminal activity." United States v. Young, 916 F.3d 368, 375 (4th Cir. 2019). Where government agents "merely offer an opportunity to commit the crime and the defendant promptly avails himself of that opportunity," an entrapment defense is not available. See United States v. Ramos, 462 F.3d 329, 334 (4th Cir. 2006). In addition, entrapment requires evidence showing a "lack of predisposition to engage in the criminal conduct." Id.

Here, petitioner cannot establish inducement where petitioner solicited the confidential informant to "locate a target" for the robbery. (DE 64 ¶ 10). And petitioner "promptly availed himself of the opportunity" to possess the firearm in connection with the planned robbery. (See id. ¶¶ 12–17); Ramos, 462 F.3d at 334. The uncontested evidence against petitioner also establishes petitioner's predisposition to engage in the criminal conduct. (See PSR (DE 64) ¶¶ 10–17). Accordingly, counsel was not ineffective for advising petitioner that an entrapment defense was not available. And even assuming counsel provided misadvice about the entrapment defense, petitioner cannot show prejudice where the record establishes no viable grounds for an entrapment defense.

In summary, petitioner cannot establish counsel's performance was deficient or that it prejudiced him as to either of his claims for ineffective assistance of counsel. Petitioner's Rehaif claim is procedurally defaulted and he has not established grounds for excusing the default.

C.      Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322,

336–38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, petitioner's motion to vacate (DE 117) and to amend (DE 148) are DENIED, respondent's motion to dismiss (DE 127) is GRANTED, and a certificate of appealability is DENIED. The clerk is DIRECTED to close the instant § 2255 proceedings.

SO ORDERED, this the 25th day of January, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge

9