IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:16-CR-54-FL-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LARICE SIMMONS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 176) pursuant to 18 U.S.C. § 3582(c)(1)(A). The motion was briefed fully and in this posture the issues raised are ripe for ruling.

## BACKGROUND

On March 14, 2017, defendant pleaded guilty to possession of a firearm by a person previously convicted of a felony, in violation of 18 U.S.C. § 922(g). On September 12, 2017, the court[1] sentenced defendant to 192 months' imprisonment and five years' supervised release, based on his designation as an armed career criminal. See 18 U.S.C. § 924(e). Defendant now moves for compassionate release, arguing that his risk of contracting COVID-19 and suffering severe health complications justifies early release from his custodial sentence.

## COURT'S DISCUSSION

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits

---

[1] The district judge that presided over defendant's plea proceedings and sentencing has since retired, and this matter was reassigned to the undersigned to address post-conviction matters.

sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020).[2] The court has "broad discretion" to deny a motion for compassionate release if it determines the § 3553(a) factors do not support a sentence reduction, even if the defendant establishes extraordinary and compelling reasons for release. See Kibble, 992 F.3d at 330–32; McCoy, 981 F.3d at 275; see also United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020).

Section 3553(a) requires that the court consider the following factors when imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;

---

[2] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
. . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). In the context of compassionate release motions, the court should "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present" in the case. Kibble, 992 F.3d at 332.

Here, defendant requests compassionate release based on his risk of infection with COVID-19 in a custodial setting and the accompanying risk of suffering severe complications from the disease due to his underlying health issues. The court will assume without deciding that these circumstances constitute extraordinary and compelling reasons for compassionate release. See United States v. High, 997 F.3d 181, 186–87 (4th Cir. 2021).

The court, however, declines to reduce the sentence in light of the nature and circumstances of the offense conduct and defendant's lengthy and violent criminal history. Defendant and his co-conspirators developed a detailed plan to rob and murder a suspected drug dealer.[3] Law enforcement arrested defendant as he was driving to the location of the planned robbery/murder, and he was found in possession of a loaded firearm. In addition, defendant's criminal history consists of five prior convictions for robbery with a dangerous weapon, including one in which the store clerk was killed. In light of this offense conduct and criminal history, a sentence of time served would not accomplish the goals of sentencing, even when the § 3553(a) factors are reconsidered in the context of the COVID-19 pandemic.

---

[3] Fortunately, defendant's plan was reported to law enforcement, who arranged a sting operation. The "suspected" drug dealer was an undercover officer.

Case 4:16-cr-00054-FL   Document 188   Filed 06/29/23   Page 3 of 5

Defendant argues that his post-sentencing conduct justifies a sentence reduction. The court commends defendant for completing substance abuse treatment, vocational training, and courses in managing finances. In addition, defendant relies on his Federal Bureau of Prisons ("FBOP") employment record, which shows a consistent work record and development of job skills that will assist with post-release employment. But defendant also has been convicted of various disciplinary infractions, including possessing drugs/alcohol and assaulting without serious injury. (Discipline Data (DE 184-2)). These infractions reflect that defendant cannot even maintain his sobriety in a controlled institutional setting. In these circumstances, the post-sentencing conduct is insufficient to justify a sentence reduction when weighed against the offense conduct and criminal history.

As for defendant's remaining arguments, his risk of contracting COVID-19 and suffering severe disease is mitigated by the fact that defendant has received at least one dose of the COVID-19 vaccine.[4] (DE 184-1); see United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); United States v. Brown, No. 7:13-CR-44-FL-1, 2021 WL 2481676, at *2 (E.D.N.C. June 17, 2021). And defendant's arguments regarding his traumatic childhood, extreme poverty, early introduction to drugs and alcohol, difficulty adjusting to incarceration, and his release plan, also do not support a sentence reduction due to the severity of the offense conduct and criminal history.

Having fully considered defendant's risk of infection with COVID-19 and his arguments for a sentence reduction, together with the full record of this case in light of the § 3553(a) factors, the court finds the current sentence remains necessary to reflect the seriousness of the offense

---

[4] To the extent defendant is refusing further vaccine doses, the court strongly encourages him to reconsider that decision where the vaccines are safe and effective and will offer further protection against severe disease. See Broadfield, 5 F.4th at 803; Brown, 2021 WL 2481676, at *2.

conduct, promote respect for the law, protect the public from further crimes of defendant, and provide general and specific deterrence to criminal conduct.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 176) is DENIED.

SO ORDERED, this the 29th day of June, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge